# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CAROL JAMESON, )<br>      Plaintiff, )<br>vs. )<br>)<br>STATE FARM MUTUAL AUTOMOBILE )<br>INSURANCE COMPANY, )<br>      Defendant. ) | Case No. 11-4272-CV-C-FJG |

## ORDER

Pending before the Court are (1) State Farm Mutual Automobile Insurance Company's Motion to Dismiss and Motion to Strike and Request for Oral Argument (Doc. No. 21); (2) Plaintiff's Motion for Leave to File Second Amended Complaint and Motion to Stay Ruling on Motion to Dismiss (Doc. No. 25); and (3) State Farm's Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint and Motion to Stay Ruling on Motion to Dismiss (Doc. No. 35).

As an initial matter, the request for oral argument will be **DENIED**. Further, the Court finds defendant's proposed sur-reply to be unnecessary and duplicative of arguments already raised; therefore, defendant's motion for leave to file sur-reply (Doc. No. 35) will be **DENIED**. The Court will now turn to defendant's motion to dismiss and plaintiff's motion for leave to file second amended complaint.

**I.   Background**

On October 11, 2011, plaintiff filed her complaint against State Farm, alleging that she was injured in an automobile accident with an underinsured motorist and made a claim to her insurer, State Farm. Plaintiff alleges that State Farm made an offer to settle plaintiff's claims for $33,000, and plaintiff rejected that offer. Then, plaintiff alleges that on August 26, 2011, State Farm "reduced" its offer to $23,000.[1] Plaintiff alleges that "State Farm's

---

[1] However, a letter attached to plaintiff's complaint, Doc. No. 1, Ex. C, indicates that State Farm advanced plaintiff a check for $23,000 "without prejudicing [plaintiff's] right to receive a higher amount in the future through continuing negotiation or

actions in reducing the value of an underinsured motorist claim after a policy holder indicates they reject an offer and plan to sue" is an attempt to "coerce and punish Plaintiff for deciding to file suit against Defendant by lowering its valuation of her case from $33,000 to $23,000 after it learned Plaintiff rejected the settlement in the amount of $33,000 and intended to file suit." Doc. No. 1, ¶¶ 34, 38. Plaintiff, in her original complaint, made claims for (1) breach of contract and vexatious refusal to pay; (2) declaratory judgment; (3) Class Action - Unfair Claims Practices - State Farm; and (4) breach of fiduciary duty.

On November 30, 2011, defendant filed a motion to dismiss, indicating (1) plaintiff's allegations of breach and vexatious refusal to pay were contradicted by the exhibits attached to her complaint; (2) plaintiff fails to state a claim for declaratory judgment; (3) plaintiff's class action for unfair claims practices should be dismissed, as there is no cause of action for unfair claims practices under Missouri law; and (4) plaintiff's breach of fiduciary claims fail because there is no fiduciary duty between an insurer and its insured under Missouri law.

Plaintiff did not respond to the motion to dismiss. Instead, plaintiff filed her first amended complaint on December 16, 2011, which she could do as a matter of right. The first amended complaint alleges claims for (1) breach of contract and vexatious refusal to pay; (2) breach of contract (breach of implied covenant of good faith and fair dealing) as to a proposed class, challenging the practice of advancing payment of a lower settlement offer during an impasse in negotiations; and (3) declaratory judgment and equitable relief as to a proposed class. This time, plaintiff did not attach to the complaint the letters from State Farm which indicated that acceptance of the $23,000 advance payment does not prevent plaintiff from negotiating a higher amount of settlement. Defendant's first motion to dismiss was denied as moot by Order dated December 22, 2011 (Doc. No. 20).

Thereafter, defendant filed a motion to dismiss plaintiff's first amended complaint for

---

alternative means of resolution."

failure to state a claim (Doc. No. 21, filed on January 3, 2012), making similar arguments as were made in regards to the original complaint, and arguing that plaintiff cannot avoid dismissal by simply not attaching the letters from State Farm to her amended complaint.

After being granted an extension of time to respond to the motion to dismiss, on January 30, 2012, plaintiff filed her motion for leave to file Second Amended Complaint and motion to stay ruling on the motion to dismiss (Doc. No. 25), indicating that plaintiff is removing one count, dividing her previous claims into separate counts, and including additional factual allegations in support of her claims. Plaintiff's proposed class is

> all individuals who, within ten years prior to the institution of this suit, have made claims for underinsured motorist benefits under a policy of automobile insurance issued by State Farm in the State of Missouri wherein Defendant State Farm . . . [e]xtended an offer to settle an underinsured motorist claim, then later reduced that offer to a lower amount after the claimant rejected the offer of settlement for the higher figure, filed a lawsuit or threatened to file a lawsuit . . . [a]nd where State Farm later paid an amount via settlement or judgment which was greater than the lower amount offered after settlement was rejected.

Doc. No. 25, Ex. 1, ¶ 91. Plaintiff also seeks injunctive relief, permanently enjoining defendant from engaging in the claims settlement practices described in her second amended complaint. Plaintiff also requests in her proposed second amended complaint "imposition of a court-supervised program overseeing [State Farm's] claims settlement practices." Plaintiff asks that the Court stay briefing on the motion to dismiss, as granting the motion for leave to amend would make the motion to dismiss moot.

On February 10, 2012, defendant filed its suggestions in opposition to plaintiff's motion for leave to file second amended complaint. Defendant argues plaintiff's motion for leave to amend is futile as plaintiff's complaints for breach of contract and vexatious refusal to pay remain contradicted by the correspondence attached to the original complaint. Defendant also notes that plaintiff is not a member of the class she seeks to represent, as her class definition includes only people who have been paid "an amount via settlement or

judgment which was greater than the lower amount offered after settlement was rejected." Defendant also argues that plaintiff's tactics of not responding to repeat motions to dismiss, but instead seeking to continually amend her complaint, are gamesmanship that should not be rewarded.

**II.     Standard**

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). But the plaintiff "must include sufficient factual information to provide 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562 (quoted case omitted). The standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the claim. Id. at 556.

Rule 15 directs courts to grant leave to amend "freely ... when justice so requires." While Rule 15 envisions a liberal amendment policy, justice does not require the filing of a futile amendment. Stricker v. Union Planters Bank, N.A., 436 F.3d 875, 878 (8th Cir. 2006). A proposed amendment is futile if it could not withstand a motion to dismiss for failure to state a claim. Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir.2010).

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.

4

R. Civ. P. 12(f). Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. "[A]llegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." Kay v. Sunbeam Prods., Inc., No. 2:09-cv-4065-NKL, 2009 WL 1664624, at *1 (W.D. Mo. June 15, 2009).

**III.    Analysis**

    A.    Motion for Leave to File Second Amended Complaint

The Court will first consider whether plaintiff's motion for leave to file second amended complaint should be granted. Defendant opposes plaintiff's motion for leave, indicating in part that plaintiff's filing of amended complaints or motions for leave to file amended complaints in response to defendant's motions to dismiss is a "wait and see" approach to litigation that should not be rewarded. Defendant asserts that it would be prejudiced if plaintiff is allowed to file a second amended complaint, as it has "twice filed motions to dismiss Plaintiff's complaint, showing its hand and providing Plaintiff with the opportunity to rectify the defects in her claims." In reply, plaintiff notes that the parties have not yet conducted discovery, and the Court has not yet entered a scheduling order, so that plaintiff is necessarily within the time frame to seek leave to amend. The Court agrees with plaintiff that defendant has not demonstrated prejudice, and so leave to amend will not be denied on this basis.

Defendant also asserts that plaintiff's proposed amendments are futile. The Court will examine each count of plaintiff's proposed second amended complaint.

        1.    Count I - Breach of Contract

Defendant asserts that plaintiff's claim for breach of contract, as pled in Count I of her proposed second amended complaint, is futile because (1) any claim of breach based on defendant's advance payment of an amount lower than its earlier settlement offer is contradicted by the correspondence that was attached to plaintiff's original complaint, which

5

indicated that defendant's payment was made "without prejudicing [plaintiff's] right to receive a higher amount in the future through continuing negotiation or alternative means of resolution"; (2) the correspondence attached to the original complaint establishes that defendant has paid under the policy and contemplates future negotiation and payment of a properly valued claim; and (3) any claim that defendant breached its implied covenant of good faith and fair dealing in handling plaintiff's claim fails because an implied covenant claim against an insurer is not cognizable in the first-party insurer-insured context. See Luechtefeld v. Unumprovident Corp., No. 4:06CV1241-HEA, 2006 WL 3257719, at *2 (E.D. Mo. Nov. 9, 2006); Siebert v. State Farm Fire & Cas. Co., No. 1:06CV00174-LMB, 2007 WL 2782418, at *1-2 (E.D. Mo. Sept. 21, 2007); Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 67-68 (Mo. banc 2000).

In her reply suggestions to her motion for leave to amend, plaintiff asserts that she has adequately pled facts supporting a claim for breach of contract. In particular, plaintiff asserts that defendant is incorrect in its argument that a plaintiff cannot state a claim for breach of contract where an insurance company offers to pay part, but not all, of plaintiff's claimed damages.[2] The Court agrees with plaintiff. Regardless of the validity of plaintiff's claim about defendant's negotiating techniques, the Court finds that plaintiff has sufficiently alleged that she is entitled to damages up to the full amount of the policy limits and that defendant has refused to pay all the damages to which she is entitled. Thus, the Court cannot find plaintiff's breach of contract claim as pled in Count I of her complaint to be futile. Therefore, plaintiff's motion for leave to amend is **GRANTED** as to Count I. To the extent that plaintiff has pled a claim for breach of the implied covenant of good faith and fair dealing (see Doc. No. 25, Ex. 1, ¶ 31(c)), however, those claims are not cognizable as discussed by defendant, and should be omitted from plaintiff's second amended complaint.

---

[2]Plaintiff states that defendant's argument that she has not pled a claim for breach of contract is so frivolous that she should be allowed to recover her attorneys fees incurred in responding to defendant's argument. The Court has considered this request and declines to award plaintiff attorneys fees.

2. Count II - Vexatious Refusal - § 375.420 RSMo.

Defendant asserts that plaintiff's claim for vexatious refusal to pay fails because the correspondence attached to plaintiff's complaint indicates that State Farm's advance payment of $23,000 in partial settlement of her claims "actually furthers the purpose underlying Missouri's vexatious refusal statute, which is intended to discourage insurance companies from 'delaying the plaintiff in the collection of the claim.'" See Doc. No. 38, p. 8, quoting Walker v. Country Mut. Ins. Co., No. 06-00333-CV-W-REL, 2007 WL 2249131, at *11 (W.D. Mo. Aug. 1, 2007). Defendant further asserts that plaintiff's complaint does not show a pattern of delay on the part of defendant, who responded to plaintiff's August 1, 2011 demand by corresponding with plaintiff, extending offers of settlement, and advancing $23,000 toward settlement by letter dated August 26, 2011. Defendant notes this lawsuit was filed less than three months later.

Plaintiff replies that she has pled the necessary elements of a vexatious refusal to pay claim, including (1) plaintiff having an insurance policy with defendant, (2) the defendant insurer's refusal to pay, and (3) that the refusal to pay was "without reasonable cause or excuse." Dhyne v. State Farm Fire and Cas. Co., 188 S.W.3d 454, 457 (Mo. banc 2006); R.S.Mo. § 375.420. Plaintiff indicates that the facts demonstrating the refusal to pay was "without reasonable cause or excuse" are found at paragraph 38-81 (including allegations that defendant failed to properly investigate plaintiff's claims and injuries, never sent plaintiff for an independent medical examination, never contacted plaintiff or asked to contact plaintiff about the nature and extent of her damages or symptoms after cervical surgery, and that defendant instead made plaintiff a low offer).

The Court finds that plaintiff has made a plausible claim for vexatious refusal to pay at this stage of the litigation; to the extent that defendant argues that its advance payment of $23,000 insulates it from litigation, that is a claim that would be better presented at the summary judgment stage, when there has been some development of the record as to plaintiff's injuries. Thus, the Court cannot find plaintiff's vexatious refusal to pay claim as

7

pled in Count II of her complaint to be futile. Therefore, plaintiff's motion for leave to amend is **GRANTED** as to Count II.

       3.    Counts III, IV, and V for Declaratory and Equitable Relief

Count III of plaintiff's proposed second amended complaint is for "Declaratory Judgment as to Class," and plaintiff seeks a declaration that defendant's claims settlement practices are unlawful, illegal and inequitable as to a class of

> all individuals who, within ten years prior to the institution of this suit, have made claims for underinsured motorist benefits under a policy of automobile insurance issued by State Farm in the State of Missouri wherein Defendant State Farm: (a) was bound by an insurance contract containing an implied covenant of good faith and fair dealing; and (b) extended an offer to settle an underinsured motorist claim, then later reduced that offer to a lower amount after the claimant rejected the offer of settlement for the higher figure, filed a lawsuit or threatened to file a lawsuit. [sic] (c) And where State Farm later paid an amount via settlement or judgment which was greater than the lower amount offered after settlement was rejected.

Doc. No. 25-1, p. 12, ¶ 91.

Count IV of plaintiff's proposed second amended complaint is for "Permanent Injunction as to Class." Doc. No. 25-1, p. 18. Within this claim, plaintiff seeks Court certification of the class described above, and a permanent injunction preventing defendant from engaging in claims settlement practices that plaintiff believes are inequitable. Finally, Count V of plaintiff's proposed second amended complaint is for "Equitable Relief as to Class." Doc. No. 25-1, p. 20. Within this Count, plaintiff seeks the following relief: (1) class certification, (2) injunctive relief preventing defendant from engaging in allegedly unlawful claims settlement practices, (3) creation of a comprehensive, Court-supervised program funded by defendant to oversee defendant's claims settlement practices, (4) disgorgement of all of defendant's "ill-gotten sums or insurance premiums which it has collected," (5) an award of attorneys' fees, expenses, legal interest, and costs, and (6) an imposition of an asset freeze and a constructive trust over all premiums paid by class members. Doc. No. 25-1, p. 22.

       a.    Count III - Declaratory Relief

Defendant first notes that plaintiff's claim for declaratory relief as stated in Count III fails because the claim against defendant could be more effectively addressed through a properly stated claim for breach of contract damages. See Amerisure Mut. Ins. Co. v. Maschmeyer Landscapers, Inc., No. 4:06-CV-1308 (CEJ), 2007 WL 2811080, at *2 (E.D. Mo. Sept. 24, 2007); Midwest Special Surgery v. Anthem Ins. Companies, No. 4:09-CV-646 TIA, 2010 WL 716105, at *6 (E. D. Mo. Feb. 24, 2010) (finding claim for declaratory judgment duplicative of a breach of contract claim, and therefore dismissing it).

Plaintiff replies that "declaratory judgments . . . are available where appropriate even though other remedies are also available." Davis v. Romney, 490 F.2d 1360, 1370 (3d Cir. 1974). Plaintiff further notes that courts routinely hear declaratory judgment actions between insurance companies and their insureds, and this case is no different. See generally Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788 (8th Cir. 2008); American Eagle Ins. Co. v. Thompson, 85 F.3d 327 (8th Cir. 1996); Broyles v. Commercial Union Ins. Co. of New York, 287 F.Supp. 942 (W.D. Ark. 1968).[3] Plaintiff states she is entitled to seek a declaratory judgment under 28 U.S.C. § 2201 on her own behalf and on behalf of the putative class.

Upon consideration, this Court agrees with defendant that plaintiff's claim for declaratory judgment ought to be dismissed. "A declaratory judgment action is not used where an adequate remedy already exists at law." Graham v. Goodman, 850 S.W.2d 351, 356 (Mo.1993) (en banc). Under Missouri law, the absence of an adequate remedy at law is an element of a claim for declaratory relief. Cincinnati Casualty Co. v. GFS Balloons, 168 S.W.3d 523, 525 (Mo.Ct.App.2005). "A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract." Id.

---

[3]These cases are either those where an insurer has sued his insured for a declaratory judgment as to a coverage determination, or where the insured sued his insurer for a declaratory judgment as to duty to defend a parallel state court action. No such factual circumstances exist in the lawsuit before this Court.

9

"Whether to entertain the action rests in the discretion of the judge," and a declaratory judgment action should lie "only in cases where it could be of some practical convenience to the parties." Id., citing Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942). See also Amerisure Mut. Ins. Co. v. Maschmeyer Landscapers, Inc., 4:06-CV-1308 (CEJ), 2007 WL 2811080 (E.D. Mo. Sept. 24, 2007). In the current matter, an adequate remedy at law exists for plaintiff individually–a suit for damages for breach of contract and vexatious refusal to pay. Further, with respect to a class, for the reasons stated below in Section III.A.3.c., plaintiff has not pled a valid class action.

Accordingly, plaintiff's motion for leave to amend is **DENIED** as futile as to Count III.

> b. Counts IV - Permanent Injunction as to Class, and V - Equitable Relief as to Class

Defendant notes that Counts IV and V of plaintiff's complaint do not state a claim; rather, they seek remedies, not independent causes of action. See Goerlitz v. City of Maryville, 333 S.W.3d 450, 455 (Mo. banc 2011)(finding an injunction to be a remedy, and not a cause of action, and that it "must be based on some recognized and pleaded legal theory"); Neher v. eBanker USA.com, Inc., No. 04-0711-CV-W-ODS, 2005 WL 1006417, at *6 (W.D. Mo. Apr. 1, 2005)(noting constructive trust is not a cause of action, but rather is a remedy); 35 Missouri Prac., Cont., Eq & Stat. Actions Handbook § 44:9 (2011 ed.) (noting restitution is not a cause of action, but rather is a remedy for actions under contract, tort, quasi-contract, or constructive and resultant trusts); S.E.C. v. First Jersey Securities, Inc., 101 F.3d 1450, 1478 (2d Cir. 1996)(noting disgorgement is permissible relief in certain claims, but it is not a claim in itself). Further, defendant notes that to obtain an injunction under Missouri law, the moving party must demonstrate that she has no adequate remedy at law[4], and plaintiff cannot demonstrate that here, where she could be fully compensated

---

[4]A court may find there is not an adequate remedy at law if "damages will not adequately compensate the plaintiff for the injury or threatened injury." Glenn v. City of Grant City, 69 S.W.3d 126, 130 (Mo. App. 2002).

10

through a properly alleged claim for breach of contract seeking an award of damages. See Kelly v. Golden, 352 F.3d 344, 353 (8th Cir. 2003); Kartman v. State Farm Mut. Auto. Ins. Co., 634 F.3d 883, 889-92 (7th Cir. 2001). Defendant asserts that the same is true as to various forms of equitable relief sought by plaintiff in Count V. See Kartman, 634 F.3d at 886.

Plaintiff replies, conceding that a permanent injunction is a remedy; however, plaintiff argues that Missouri courts "have long recognized independent actions for permanent injunctions." See, e.g., Drake v. Kansas City Public Service Co., 63 S.W.2d 75, 78-79 (Mo. 1933). Plaintiff further argues that her other claims (breach of contract, vexatious refusal, declaratory judgment) could incorporate a permanent injunction as a form of remedy, if plaintiff demonstrated irreparable harm and lack of adequate remedy at law. Plaintiff further replies that the remedies sought in Count V of her complaint could be incorporated as remedies to her claims for breach of contract, vexatious refusal and declaratory judgment.

The Court finds, in regard to plaintiff's claims for injunctive relief in Count IV, that plaintiff has failed to demonstrate that there is not an adequate remedy at law. Plaintiff would be fully compensated for her alleged injuries through damages on her claims for breach of contract and vexatious refusal to pay. Further, the equitable relief sought in Count V of plaintiff's proposed second amended complaint is either (1) a proper measure of damages in relation to her claims for breach of contract or vexatious refusal to pay and is sought within those counts,[5] (2) relief that should be denied for reasons stated in other parts of this Order,[6] or (3) relief that should be denied as being far outside the bounds of

---

[5]This includes her request for an award of attorneys' fees, expenses, legal interest, and costs.

[6]This includes plaintiff's request for class certification (which is futile, see infra), and injunctive relief (which is also futile, see supra).

11

what is necessary to compensate plaintiff for her alleged injuries.[7] As the relief requested by plaintiff in Counts IV and V is either already requested elsewhere in her complaint or is futile, plaintiff's motion for leave to amend is **DENIED** as to Counts IV and V.

### c. Class Action

Finally, defendant argues that the putative class, as pled by plaintiff and related to Counts III, IV, and V, is not certifiable in that plaintiff is not a member of the proposed class. "To act as a class representative, a named plaintiff must be a member of the class [she] seeks to represent. If the named plaintiff fails to satisfy this threshold requirement, then a certifiable class does not exist." Georges v. Accutira Mortg., Inc., No. 4:08-cv-201 (JCH), 2008 WL 2079125, at *6 (E. D. Mo. May 15, 2008)(dismissing class allegations). Plaintiff's proposed class is of all persons making underinsured motorist claims to defendant where "State Farm later paid an amount via settlement or judgment which was greater than the lower amount offered after settlement was rejected." Here, plaintiff has only been paid an advance of $23,000, which is "the lower amount" under plaintiff's proposed class definition; plaintiff would not be a member of the putative class unless and until defendant paid plaintiff an additional sum.[8] Further, plaintiff's definition of the putative class likely includes only insureds whose claims have been extinguished by settlement or judgment; to the extent there are others members of the putative class whose claims have not been extinguished, defendant argues that individual issues would predominate such that a class could not be certified.

Plaintiff responds that, "[a]dmittedly, Plaintiff has not yet received any money from

---

[7]This includes plaintiff's request for (1) creation of a comprehensive, Court-supervised program funded by defendant to oversee defendant's claims settlement practices, (2) disgorgement of all of defendant's "ill-gotten sums or insurance premiums which it has collected," and (3) an imposition of an asset freeze and a constructive trust over all premiums paid by class members.

[8]This is likely something which would not occur unless plaintiff signed a settlement agreement or release and agreed to dismiss the current action.

12

Defendants except for the $23,000.00 payment after settlement was rejected," but "Defendant's correspondence to Plaintiff and pleadings in this case establish that Defendant will, at some later date, make Plaintiff another payment." Doc. No. 33, p. 13. Plaintiff further asserts that even if the Court were to find that she is not a member of the class she seeks to represent, the Court has the discretion to modify the class definition so that plaintiff would be an appropriate class representative.[9] Finally, plaintiff asserts that her class definition excludes individuals with pending claims against State Farm, so that there would be no individual issues to litigate.

The Court finds defendant's arguments to be persuasive. In the Court's opinion, it is highly unlikely that defendant will make any more payments to plaintiff unless she agrees to a settlement and dismissal this lawsuit. In other words, plaintiff is not a member of her proposed class currently, and surely could never become a member of the class and have an active claim against defendant for the conduct asserted in this lawsuit. Thus, she could never be a member of the class she seeks to represent, particularly, if as she indicates, her class definition excludes individuals with pending claims against defendant. Further, it is quite likely that the claims of the members of the proposed class have been extinguished through settlements with defendant, and it is unclear how the declaratory, injunctive, and equitable relief sought in Counts III, IV and V would be helpful to persons who have already

---

[9]Notably, in the cases cited by plaintiff for this proposition, there is no indication that the courts were modifying the class definition so that a plaintiff who had pled herself out of class membership could continue to represent a class. See Burch v. Qwest Comm. Intern. Inc., 677 F.Supp. 2d 1101, 1124 (D. Minn. 2009) (finding that certain of the classes plaintiff had pled were not certifiable in that individual issues predominated, but that narrower classes identified by the Court were certifiable; named plaintiff in Burch appears to have been a member of all pled classes); In re Katrina Canal Litig. Breaches, 524 F.3d 700, 712 n. 48 (5th Cir. 2008)(noting, simply, that district courts are given broad discretion in controlling and managing class actions, and can divide the class into subclasses or take only those parts of a case that lend themselves to class treatment); Powers v. Hamilton County Public Defender Comm'n, 501 F.3d 592, 619 (6th Cir. 2007)(noting that district courts are given broad powers to modify class definitions; however, there is no indication that plaintiff was not part of the class); Gwiazdowski v. County of Chester, 263 F.R.D. 178, 184 (E.D. Pa. 2009)(same).

13

settled their claims or received a judgment against defendant. All plaintiffs' class action allegations are futile, and leave to amend to incorporate such allegations is **DENIED**.

        4.    Defendant's request to strike allegations regarding Hurricane Katrina claims handling and the "McKinsey model"

Finally, defendant requests in its opposition to plaintiff's motion for leave to amend that certain allegations in the second amended complaint be stricken pursuant to Rule 12(f). In particular, defendants requests the Court strike paragraphs 45-48, which refer to defendant's handling of property claims following Hurricane Katrina,[10] and paragraphs 56-59 and 63, which refer to defendant's purported adoption of the "McKinsey model"[11] of claims adjustment.

As noted above, under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[A]llegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." Kay v. Sunbeam Prods., Inc., No. 2:09-cv-4065-NKL, 2009 WL 1664624, at *1 (W.D. Mo. June 15, 2009). Defendant asserts that plaintiff's allegations related to Hurricane Katrina and the "McKinsey model" should be stricken as they have no relation to plaintiff's vexatious refusal claim and are prejudicial to defendant. See G-I Holdings, Inc. v. Baron & Budd, 238 F.Supp.2d 521, 555 (S.D. N.Y. 2002).

Plaintiff replies that while defendant claims these allegations are inflammatory,

---

[10]Plaintiff asserts that defendant has a history of unreasonable adjustment and/or denial of claims, given that an engineering firm that assessed Hurricane Katrina damage was allegedly asked to alter reports or be fired by defendant, and in April 2007 defendant, under pressure from Congress, re-evaluated more than 3,000 Hurricane Katrina claims that defendant previously had claimed were settled fairly, and paid nearly $30 million in additional settlement of such claims.

[11]According to plaintiff's proposed second amended complaint, McKinsey & Co. served as an advisor to defendant, and the "McKinsey model" is a way to stop "premium leakage" by denying the claim, delaying the payment, and then defending the lawsuit. See Doc. No. 25-1, ¶¶ 57-58.

plaintiff argues that they are factually accurate, consistent with her claims against defendant, and are relevant. Plaintiff asserts that defendant just wants these allegations stricken because when they are proven, it will make a substantial verdict for plaintiff more likely. In particular, plaintiff argues that "The allegations regarding Hurricane Katrina establish that Defendant has, in the past, followed a company-wide improper policy of negotiating claims in bad faith. The allegations about the 'McKinsey model' provide details about the claims adjustment used by Defendant in Plaintiff's case and support Plaintiff's allegations that the refusal to pay Plaintiff the reasonable value of her claim is vexatious." Doc. No. 33, pp. 16-17.

Upon reviewing the proposed second amended complaint, the Court finds that the contested allegations do not appear to have any real bearing on the case. There is no apparent connection between the State Farm's adjustment of Hurricane Katrina property damages claims and State Farm's evaluation of plaintiff's underinsured motorist claim, other than State Farm's involvement. Plaintiff's proposed second amended complaint does not explain how the two are connected. Further, if defendant "denied, delayed, and then defended" this action, plaintiff can prove that without the need to delve into whether defendant used the "McKinsey model," the adoption of which appears to be only loosely related to the questions at issue in plaintiff's claim for breach of contract and vexatious refusal to pay.

In short, defendant's request to strike paragraphs 45-48, which refer to defendant's handling of property claims following Hurricane Katrina, and paragraphs 56-59 and 63, which refer to defendant's purported adoption of the "McKinsey model" of claims adjustment, is **GRANTED**. However, given that this litigation is at a relatively early stage, the Court may reconsider this Order if plaintiff is able to demonstrate a sufficient nexus between her claims and defendant's contact following Hurricane Katrina and/or its adoption of the McKinsey model. See Kay v. Sunbeam Products, Inc., 2009 WL 2009 WL 1664624, *3 (W.D. Mo. June 15, 2009).

### B. Motion to Dismiss

Given that the Court has granted plaintiff leave to file her Second Amended Complaint in part, the pending motion to dismiss pertaining to the previous complaint (Doc. No. 21) will be **DENIED AS MOOT**, without prejudice to the filing of motions concerning the Second Amended Complaint.

### IV. Conclusion

Therefore, for the foregoing reasons, (1) State Farm Mutual Automobile Insurance Company's Motion to Dismiss and Motion to Strike and Request for Oral Argument (Doc. No. 21) is **DENIED AS MOOT**, without prejudice; (2) Plaintiff's Motion for Leave to File Second Amended Complaint and Motion to Stay Ruling on Motion to Dismiss (Doc. No. 25) is **GRANTED IN PART** and **DENIED IN PART**, as discussed in the body of this Order; and (3) State Farm's Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint and Motion to Stay Ruling on Motion to Dismiss (Doc. No. 35) is **DENIED.** Plaintiff shall filed her Second Amended Complaint on ECF on or before **MAY 17, 2012.**

**IT IS SO ORDERED.**

Dated:  May 14, 2012  /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri  Fernando J. Gaitan, Jr.
  Chief United States District Judge